IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 4:04CR3004 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| DENNIS C. TIMMERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

    I am in receipt of the third revised presentence investigation report and addendum in this case and the defendant's motion for downward departure (filing 69).

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    The defendant's motion for downward departure (filing 69) (asserting that the court should depart from the career offender category) will be taken up at sentencing.

(3)     The undersigned is tentatively inclined to believe that it should depart downward to ameliorate to a limited degree the impact of the career offender status on the defendant's advisory Guideline sentence. To be specific, the undersigned is inclined to depart downward to the total offense level that would have existed but for the career offender enhancement; that is, depart downward to total offense level 33 from total offense level 34. The undersigned is also inclined to depart downward from criminal history category VI to criminal history category V. If the court so departs, the custodial, advisory Guideline range would become 210 to 262 months in prison rather than 262 to 327 months in prison. The undersigned is tentatively persuaded to depart because of the old age of the burglary convictions and the fact that they were committed close in time to one another. Those factors suggest that these burglary convictions are slightly less predictive of recidivism than the convictions of typical career offenders. However, the undersigned does not believe that a further departure is warranted given the nature and circumstances of this crime.

(4)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6)     Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 5, 2005. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge